# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO: 1:17-CV-2295 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **TIMOTHY J. WASHBURN,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER & JUDGMENT

AND NOW, this 23rd day of July, 2018, upon consideration of the motion (Doc. 13) by the United States of America for default judgment against *pro se* defendants Timothy J. Washburn and Terri M. Washburn (collectively, "the Washburns"), and the court observing that the United States initiated the above-captioned action by filing a complaint (Doc. 1) on December 13, 2017, asserting a claim against Timothy Washburn for federal income tax liability in the amount of $107,288.76 for tax years 2009 through 2013, (see id. ¶¶ 7, 11), a claim against Terri Washburn for federal income tax liability in the amount of $49,617.66 for tax years 2010 and 2011, (see id. ¶¶ 12, 16), and a claim for foreclosure of federal tax liens, (see id. ¶¶ 17-24); that the United States completed service by publication on March 29, 2018, (see Doc. 10), rendering the Washburns' answer or responsive pleading due on or before April 19, 2018, see FED. R. CIV. P. 12(a)(1)(A)(i); and that the Washburns failed to plead or otherwise defend, see FED. R. CIV. P. 12, resulting in the Clerk's entry of default (Doc. 12) against them on April 20, 2018, see FED. R. CIV. P. 55(a); and further upon consideration of the Washburns' challenge of jurisdiction (Doc.

14), which the court construes as the Washburns' response in opposition to the United States' motion for default judgment, wherein the Washburns oppugn the court's subject matter jurisdiction *sub judice*, as well as assert that "[a]ll proceedings must stop until jurisdiction has been proven on the record" and that the entry of default against them should be dismissed, (id.), and the court noting that the United States Code explicitly confers subject matter jurisdiction upon federal district courts to issue such orders and to "render such judgments and decrees as may be necessary and appropriate for the enforcement of the internal revenue laws," 26 U.S.C. § 7402(a), and further grants "original jurisdiction" to district courts over "any civil action arising under any Act of Congress providing for internal revenue," 28 U.S.C. § 1340, and the court thus finding that the Washburns' jurisdictional challenge is wholly meritless, and turning to the Washburns' request that the court dismiss the entry of default, (Doc. 14 at 2), the court observing that the Washburns must demonstrate "good cause" for the court to set aside the entry of default, FED. R. CIV. P. 55(c), which inquiry tasks the court to consider whether: (1) the United States will be prejudiced if the default is set aside, (2) whether the Washburns have a meritorious defense, and (3) whether default resulted from the Washburns' culpable conduct, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), and the court finding that no factor favors setting aside the entry of default, as (1) the United States may be prejudiced if default does not stand and it is compelled to litigate a matter against uncooperative defendants who do not deny liability, (2) the Washburns' defenses are meritless, (see Doc. 14), and (3) their dilatoriness and blatant disregard for the legal process was

unquestionably deliberate, (see, e.g., Docs. 5, 7), and the court thus declining to exercise its discretion to set aside the default; and lastly, turning to the United States' motion (Doc. 13) for default judgment, the court observing that entry of default judgment is appropriate when unchallenged facts of the complaint state a *prima facie* cause of action, see Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)), and finding that the undisputed *allegata* establish that Timothy Washburn has unpaid federal income tax liability for tax years 2009 through 2013 in the amount of $109,248.46 as of April 18, 2018, (see Doc. 1 ¶¶ 7, 11; Doc. 13 at 2-3; Doc. 13-2 ¶¶ 4, 6), that Terri Washburn has unpaid federal income tax liability for tax years 2010 and 2011 in the amount of $50,542.36 as of April 18, 2018, (see Doc. 1 ¶¶ 12, 16, Doc. 13 at 3, Doc. 13-2 ¶¶ 7, 9), that the United States possesses federal tax liens pursuant to 26 U.S.C. §§ 6321, 6322 that should be foreclosed, (see Doc. 1 ¶¶ 17-23), and that the Washburns have not contested that they received the income reflected in the United States' notices of assessments and demands for payment, (see Doc. 1 ¶¶ 7-8, 12-13; Doc. 13-2 ¶¶ 4-6, 7-9), nor do they dispute the accuracy of the United States' calculations, (see generally Doc. 14), and the court thus concluding that entry of default judgment is

appropriate,[1] and that the United States has proven the amount of the requested judgment against the Washburns with sufficient certainty such that no further inquiry is required, see FED. R. CIV. P. 55(b)(2); Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007), and that the facts establishing the United States' entitlement to foreclose on the real property named in the complaint, (Doc. 1 ¶ 6; see also Doc. 1-2), are "taken as true," see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), it is hereby ORDERED that:

1. The United States motion (Doc. 13) for default judgment is GRANTED.

2. Judgment is ENTERED in favor of the United States and against Timothy Washburn in the amount of $109,248.46 as of April 18, 2018, together with all interest and penalties that will continue to accrue pursuant to statute after that date, with respect to Timothy Washburn's unpaid federal income tax liabilities for the federal tax years 2009 through 2013.

3. Judgment is ENTERED in favor of the United States and against Terri Washburn in the amount of $50,542.36 as of April 18, 2018, together with all interest and penalties that will continue to accrue pursuant to statute after that date, with respect to Terri Washburn's unpaid federal income tax liabilities for the federal tax years 2010 and 2011.

4. Judgment is ENTERED in favor of the United States and against the Washburns on the United States' claim to foreclose on the federal tax liens that attach to the real property located at 6458 Pamadeva Road, Hanover, Pennsylvania 17331 ("the Property") arising from the liabilities set forth in paragraphs 2 and 3 *supra*, as well as the liabilities

---

[1] The Third Circuit Court of Appeals encourages district courts to consider three factors in addition to the claim's *prima facie* merit before granting default judgment, to wit: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Joe Hand Promotions, 3 F. Supp. 3d at 271 (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). The factors are the same in all material respects as those considered in determining whether to set aside an entry of default. Hence, we incorporate our analysis *infra* appertaining prejudice, defensibility, and culpability as if fully set forth here.

4

of Timothy Washburn for federal tax year 2001 previously reduced to judgment by this court. See United States v. Washburn, No. 1:16-CV-626, Doc. 16 (M.D. Pa. June 23, 2017) (Conner, C.J.).

5. The Property, as more fully described in the deed attached to the United States' complaint, (see Doc. 1-2), shall be sold according to the following provisions:

   a. The United States Internal Revenue Service (the "IRS"), through its Property Appraisal and Liquidation Specialist Unit ("PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction and to sell the Property.

   b. The public auction shall be held at the Property or at any other place in accordance with the provisions of 28 U.SC. §§ 2001 and 2002.

   c. The sale of the Property shall be free and clear of any liens or interests held by the Washburns.

   d. The sale of the Property shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property and easements and restrictions of record, if any.

   e. PALS shall publish notice of the sale, including the time, date, and location of the sale, once a week for at least four consecutive weeks before the sale in at least one newspaper of general circulation in the county in which the property is located. PALS may publish notice of the sale by any additional method that it deems appropriate. Any notice of the sale of the Property shall contain a description of the Property as well as the terms and conditions of sale as set forth herein.

   f. PALS shall set the minimum bid. If the minimum bid is not met or exceeded, PALS may, without further permission of this court, and pursuant to the terms and conditions in this order, hold a new public sale, if necessary, and reduce the minimum bid.

   g. At the time of the sale, the successful bidder(s) shall deposit with PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Middle District of Pennsylvania, a deposit in an amount between five (5)

and twenty (20) percent of the minimum bid as specified by PALS in the published notice of sale. PALS may require, at its discretion, potential bidders to submit to PALS proof that they are able to comply with this requirement. PALS may refuse to accept bids from any person(s) who have not presented such proof.

h. The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Middle District of Pennsylvania shall be given to PALS who will deposit the funds with the Clerk of this court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited immediately upon expiration of the 60-day period and shall be applied to cover the expenses of the sale, with any additional amount paid into the court for further distribution pursuant to Paragraph 13 *infra*. The Property shall be again offered for sale under the terms and conditions of this order or, in the alternative and at the discretion of PALS, sold to the second-highest bidder.

i. The sale of the Property shall be subject to confirmation by this court. On confirmation of the sale, the IRS shall execute and deliver a deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action, including parties against whom the Clerk has entered default, are discharged and extinguished as to the Property.

j. When this court confirms the sale, the recording official of the county in which the Property is located shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, all costs in connection with such transfer of title, including transfer fees and taxes.

k. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001 and is made without right of redemption.

l. The Clerk of Court is directed to accept the proceeds of the sale and deposit them into the court's interest-bearing registry account for distribution pursuant to further order of this court.

6. Beginning 30 days from the date of this order, PALS is authorized to have free access to the Property until the deed to the Property is delivered to the ultimate purchaser and to take all actions necessary to preserve the Property, including but not limited to, retaining a locksmith or other person to change or install locks or other security devices.

7. Until the Property is sold, the Washburns shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The Washburns shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

8. All persons occupying or present upon the Property, including the Washburns and any persons acting in concert with or on behalf of them, shall vacate it permanently within 30 days of the date of this order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).

9. The United States Marshal is authorized and directed to enforce this order at any time that he or she deems appropriate after 30 days from the date of this order. Such enforcement includes, but is not limited to, (i) entering the Property, and any and all structures and vehicles located thereon, (ii) evicting any persons from all locations on the Property, including but not limited to the structures, vehicles, and grounds, (iii) using force as necessary to accomplish this mission, including arrest, and (iv) accompanying PALS personnel (and any persons authorized by PALS personnel) on the Property.

10. When the United States Marshal concludes that all persons have vacated or been evicted from the Property, he or she shall relinquish possession and custody of the Property to PALS, except where authorized or requested by PALS to return to the property.

11. Should the Washburns, or any other persons, either fail to vacate the property by 30 days from the date of this order, or attempt to enter the property after that date without authorization from PALS or the United States Marshals, that person shall be found in contempt of this order, and shall be subject to arrest and incarceration.

12. Any personal property remaining on the Property 30 days after the date of this order is forfeited, and PALS is authorized to dispose of it in any manner its sees fit, including disposal or sale. In the case of sale, the proceeds of the sale are to be applied first to the expenses of sale, with the balance to be paid into the court for further distribution pursuant to Paragraph 13 *infra*. Checks for the purchase of the personal property shall be made out to the Clerk of Court and the Clerk is directed to accept these checks and deposit them into the court's registry for distribution pursuant to further order of this court.

13. The proceeds from the sale by PALS of the Property shall be distributed in the following order:

    a. *First*, to the IRS, to satisfy any customary and reasonable costs of sale;

    b. *Second*, as determined by future order of this court, to any local taxing authorities, government entities, or utilities, to the extent that the debts owed to such entities result in a lien that receives priority under 26 U.S.C. § 6323(b)(6) over the liens held by the United States; and

    c. *Third*, of the remaining funds:

        i. 50% to the United States, to be applied towards the balance of the federal tax liens against Timothy Washburn set forth in Paragraphs 2 and 4 above, with any excess amount of this portion distributed to Timothy Washburn;

        ii. The remaining 50% to the United States, to be applied towards the balance of the federal tax liens against Terri Washburn as set forth in Paragraphs 3 and 4 above, with any excess amount distributed to Terri Washburn.

14. The United States Marshal shall, within 10 days of the date of this order, serve notice of it to the Washburns by delivering a copy to the Washburns personally or by leaving a copy of the order at a prominent

location on the Property, such as but not limited to the front door of the property.

15. Proof of the service described in paragraph 14 above shall be filed through the Court's ECF system.

16. The Clerk of Court is DIRECTED to deliver a true copy of this order to the United States Marshal.

17. The court shall retain jurisdiction over this matter for the purpose of granting such orders and decrees as the circumstances may require.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania